THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.

(No. C-830958—Decided October 3, 1984.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *Robert P. Ruehlman,* for appellee.

*Robert L. Cloud,* for appellant.

DOAN, J. This timely appeal follows a jury verdict finding appellant, Valerie Jones, guilty of trafficking in drugs, a violation of R.C. 2925.03(A)(1). Appellant was sentenced as appears of record.

The facts surrounding the offense are irrelevant for purposes of this appeal.

Appellant's single assignment of error alleges:

"The trial court erred to the prejudice of Defendant-Appellant by completely denying her request, during *voir dire,* to examine prospective jurors regarding racial bias."

The record reflects that appellant is a black female. Defense counsel was addressing a black prospective juror on voir dire when the following verbal exchange took place:

"Q. Okay. There is going to be, as I'm sure you're already prepared, there is going to be some obvious question for you. You're not going to bend over backwards to find in favor of my client, because you and her [sic] happen to be a member of the same race?

"A. No.

"The Court: Objection. I do not permit this in this court.

"Mr. Yaros: Do you mean to tell me —

"The Court: Any alluding to the race will be stricken from the record.

"Mr. Yaros: Is the Court saying that I'm not allowed to ask any questions of any prospective member about race? And I would ask for a clarification.

"The Court: Don't discuss the matter of race in this court.

"Mr. Yaros: Any prospective juror?

"The Court: That's right.

"Mr. Yaros: All right. Note my ex-

ception. And I heartily object and accept [*sic*]."

The issue squarely presented is whether or not the trial court abused its discretion in completely foreclosing voir dire examination of prospective jurors in the area of racial bias or prejudice and if so, whether the abuse of discretion rises to reversible error.

Crim. R. 24(A) provides for the examination of prospective jurors:

"Examination of jurors. Any person called as a juror for the trial of any cause shall be examined under oath or upon affirmation as to his qualifications. The court may permit the attorney for the defendant, or the defendant if appearing pro se, and the attorney for the state to conduct the examination of the prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the state and defense to supplement the examination by further inquiry."

Crim. R. 24(B)(9) provides:

"Challenge for cause. A person called as a juror may be challenged for the following causes:

"* * *

"(9) That he is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial."

The rule further states that the validity of each challenge shall be determined by the court.

It is obvious to this court that racial, ethnic, or religious biases are realities in our society and are proper subjects of voir dire inquiry within the context of Crim. R. 24(B)(9). This must be so in order to ensure the right to trial by an impartial jury as embodied in the Ohio and United States Constitutions. If such was not the interpretation, the rule regarding challenges for cause based on a biased state of mind would be superfluous, as grounds for such challenges could never be developed unless such state of mind was volunteered by a prospective juror, a rather unlikely happenstance not contemplated by the rule. The trial court may limit questioning in this area, or undertake the examination itself, so long as the broad or general meaning of the inquiry is understood by prospective jurors in order to intelligently respond, but the court may not totally preclude or foreclose any and all questioning on the subject. The appellee argues that our decision in *State* v. *Sebastian* (May 12, 1982), Hamilton App. No. C-810358, unreported, sustains the trial court's ruling in the matter *sub judice*. Such argument is misplaced, as our ruling in *Sebastian, supra,* allows the trial court to control the scope and extent of voir dire examination providing general inquiry be permitted into biases in favor of, or against either party that would interfere with the impartial consideration between them. Inherent in our holding in *Sebastian, supra,* is the determination that a clear abuse of discretion occurs where a total preclusion or foreclosure of good faith voir dire examination as to biases is imposed, and such abuse of discretion is reversible error.

Appellant's assignment of error is well-taken. The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with law and with this opinion.

*Judgment reversed and cause remanded.*

PALMER, P.J., and KLUSMEIER, J., concur.