OPINION
{¶ 1} Appellant Marco Feagin ("appellant") appeals his conviction, in the Richland County Court of Common Pleas, on the basis that a prospective juror tainted voir dire and his conviction is against the manifest weight of the evidence. The following facts give rise to this appeal.
 {¶ 2} In the early morning hours of January 17, 2004, appellant shot and killed James Williams ("Williams"), at the American Legion, on Harmon Avenue in Mansfield. After the shooting, Williams was found lying on the floor near the disc jockey booth. Paramedics transported Williams, to the hospital, where he died in surgery. The following day, appellant left the Mansfield area and went to Decatur, Illinois. Appellant eventually turned himself into law enforcement officials on June 27, 2004.
 {¶ 3} Appellant and Williams had a problematic relationship prior to the shooting. In August 2001, the two men had a confrontation and Williams shot appellant and Antonio Eatmon. Appellant sought medical treatment but refused to identify Williams as the shooter.
 {¶ 4} While appellant was on the run, the Richland County Grand Jury indicted him on charges resulting from the shooting. The grand jury charged him with one count of murder, with a firearm specification; one count of possession of a firearm in a liquor permit premises; and one count of possession of a weapon under disability. This matter proceeded to a jury trial on December 13, 2004. The jury found appellant guilty as charged in the indictment.
 {¶ 5} The trial court sentenced appellant to fifteen years to life on the murder count, to be served consecutive to the three-year sentence on the firearm specification. The trial court also sentenced appellant to one year on the charge of possession of a weapon in a liquor permit premises and one year for the charge of possession of a weapon under disability, to be served concurrently with the murder sentence.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. THE COMMENT OF A JUROR DURING VOIR DIRE TAINTED THE JURY POOL AND THUS PREVENTED DEFENDANT-APPELLANT FROM RECEIVING A FAIR TRIAL.
 {¶ 8} "II. THE VERDICT WAS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 9} In his First Assignment of Error, appellant maintains comments made by a prospective juror Ms. Judith Eckels, during voir dire, tainted the jury pool and prevented him from receiving a fair trial. We disagree.
 {¶ 10} As a potential juror, Ms. Eckels made the following comment to the court during voir dire:
 {¶ 11} "THE COURT: * * * If you were trying this case from the standpoint of the State of Ohio or defending this case from the standpoint of the defense attorney or the Defendant, would you want a person in your present state of mind to be on your jury?
 {¶ 12} "MS. ECKELS: The crook?
 {¶ 13} "THE COURT: The problem is, when she pointed over here, there's (sic) seven people she could have been pointing to. Come here." Tr. Vol. I at 219-220.
 {¶ 14} Following further questioning, out of the hearing of the jury, the trial court excused Ms. Eckels from jury service. Id. at 225. Appellant now claims the trial court should have provided a curative instruction following Ms. Eckels' comment. Appellant further contends the trial court had an obligation to question the remaining prospective jurors to determine if they were prejudiced by Ms. Eckels' comment.
 {¶ 15} We begin our analysis by noting that appellant did not object to the trial court's failure to give a curative instruction or question the remaining prospective jurors. As such, we must address this assignment of error under a plain error analysis pursuant to Crim.R. 52(B), which provides as follows:
 {¶ 16} "(B) Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 17} In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.State v. Long (1978), 53 Ohio St.2d 91, 97. Notice of plain error under this rule is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Id. at paragraph three of the syllabus.
 {¶ 18} Appellant cites several cases in support of his argument. First, appellant cites the case of State v. Strong
(1963), 119 Ohio App. 31. Appellant cites this case for the proposition that when a comment, by a prospective juror, is such that it is inherently prejudicial to the defendant, there is an immediate duty on the trial court to conduct further interrogation. In the Strong case, a prospective juror in a capital murder case made the comment, during voir dire, that she usually does not believe in capital punishment but in this case she did because the defendant killed two people and a dog. Id. at 33. On appeal to this Court, we held that the trial court should have sustained defense counsel's motion and discharged the prospective jurors. Id. at 36.
 {¶ 19} We find the case sub judice distinguishable from theStrong decision. In Strong, the defendant was sentenced to death. This Court emphasized the fact, in its opinion, that we were dealing with a capital case where a man was on trial for his life and therefore, the error that occurred, by the prospective juror's comment, could not be cured by an admonition of the trial court. Id. The Strong case is further distinguishable in that the prospective juror's comment directly referenced the defendant in regard to specific aspects of the defendant's case. However, in the matter currently before the Court, Ms. Eckels' comment was not directed to any specific person. In fact, the trial court noted that Ms. Eckels made the statement while pointing to a group of seven people. Tr. Vol. I at 220. Due to these factual distinctions, we find the Strong decision inapplicable to the case sub judice.
 {¶ 20} Appellant also cites the case of State v. Jones
(1984), 20 Ohio App.3d 331, wherein the First District Court of Appeals held that "[r]acial, ethnic, or religious biases are proper subjects of voir dire inquiry within the context of Crim.R. 24(B)(9)."[1] Id. at syllabus. The issue we are asked to address, in this assignment of error, does not concern whether appellant was precluded from questioning the prospective jurors about racial, ethnic or religious biases and therefore, we find the Jones decision is inapplicable.
 {¶ 21} Finally, appellant refers to the case of City ofLondon v. Scurry (July 22, 1996), Madison App. No. CA95-10-033. In Scurry, during voir dire the parties questioned prospective jurors about local news accounts regarding the defendant. Id. at 2. Scurry's defense counsel asked the following of one prospective juror: "Would that tend to cause you to bring any preconceived notations [sic] as to Mr. Scurry's guilt or innocence with you today?" Id. The juror responded, in the presence of the entire jury panel, "No, I'm just saying he's in trouble again." Id.
 {¶ 22} On appeal, the Twelfth District Court of Appeals explained that:
 {¶ 23} "A party challenging a jury panel has the burden of showing that the jurors were either unlawfully empanelled or that the jurors cannot be fair and impartial. See 47 American Jurisprudence 2d (1995) 922, Jury, Section 251. Mere speculation as to bias among the pool of prospective jurors will not justify quashing the entire venire. Id. at 923, Section 252. This court will not reverse a trial court's decision not to dismiss an entire jury panel absent an abuse of discretion. See Mitchell v.Leak (Mar. 18, 1993), Franklin App. No. 92AP-1024, unreported." Id. at 2.
 {¶ 24} Based upon the above law and the facts of the case, the court concluded the trial court did not abuse its discretion by refusing to dismiss the entire jury panel. Id. The court found that defense counsel did not attempt to demonstrate, and the record did not otherwise indicate, that the jury panel's objectivity was irreparably tainted by the prospective juror's comment. Id.
 {¶ 25} As in the Scurry decision, in the case sub judice, defense counsel did not attempt to demonstrate that Ms. Eckels' comment irreparably tainted the jury panel's objectivity. The record also establishes that defense counsel did not ask the trial court to give the prospective jurors a curative instruction regarding Ms. Eckels' comment.
 {¶ 26} Finally, we note that the trial court instructed the jurors that they were to consider only the evidence presented at trial. Specifically, the trial court explained to the jurors that "[e]vidence is what you hear in the courtroom, sworn testimony. It's exhibits. It's stipulations, admissions that are made that you're told to accept as true and nothing else." Tr. Vol. I at 281. Based upon the above, we do not find the outcome of the trial clearly would have been otherwise had the trial court either provided the jury panel with a curative instruction or dismissed the jury panel. Accordingly, this assignment of error does not rise to the level of plain error.
 {¶ 27} Appellant's First Assignment of Error is overruled.
 II {¶ 28} Appellant maintains, in his Second Assignment of Error, the jury's verdict is contrary to the weight of the evidence. We disagree.
 {¶ 29} In support of this argument, appellant contends no weapon was ever found. Appellant argues that only Braxton Daniels, Jr. testified that he saw appellant with something that looked like a gun. Further, appellant testified, at trial, that Williams had the gun and that, in a struggle to protect himself, the gun discharged. Finally, appellant maintains there was no evidence that he possessed the weapon, inside the American Legion, or pulled the trigger of a gun and shot Williams.
 {¶ 30} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based upon this standard that we review appellant's Second Assignment of Error.
 {¶ 31} Although appellant maintains the record is lacking in evidence that he possessed a gun on the evening of the murder and that he pulled the trigger of a gun and shot Williams, we find the record indicates otherwise. Braxton Daniels, Jr. testified that a short time after Williams and his friends entered the bar, he heard a pop coming from the area of the jukebox and when he turned, he saw appellant backing up with a black object in his hand that looked like a gun. Tr. Vol. II at 433, 485. Jacqueline Beard testified that after the first shot was fired, she looked up and saw appellant standing, with his back toward the bar, with a gun in his hand. Tr. Vol. III at 500-501. Ms. Beard further stated that she thought the gun jammed after the first shot because she saw appellant pull back the top of the weapon. Id. at 501.
 {¶ 32} Jeff Jackson testified that he turned left and saw Williams running and the appellant shooting at him. Id. at 563. Mr. Jackson further testified that appellant had a chrome looking gun in his hand. Id. at 564-565. Roxanne Marshall testified that when she looked to see where the shots were coming from, she saw appellant standing up by the bar holding a gun pointed toward the back room. Tr. Vol. IV at 779.
 {¶ 33} Based upon the above testimony, we conclude appellant's convictions for murder, with a firearm specification; possession of a firearm in a liquor permit premises; and possession of a weapon under disability were not against the manifest weight of the evidence.
 {¶ 34} Appellant's Second Assignment of Error is overruled.
 {¶ 35} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] Challenges for cause are now set forth in Crim.R. 24(C)(9).