[Cite as *State v. Feagan*, 2011-Ohio-2025.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 10CA46 |
| MARCO A. FEAGIN | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Case No. 03-CR-86H |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 25, 2011 |
| APPEARANCES: | |


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JAMES J. MAYER, JR.<br>PROSECUTING ATTORNEY<br>RICHLAND COUNTY, OHIO | MARCO A. FEAGIN, PRO SE<br>Mansfield Correctional Institution<br>A480-240<br>Post Office Box 788 |
| BY: BAMBI COUCH PAGE<br>Assistant Richland County Prosecutor<br>38 South Park Street<br>Mansfield, Ohio 44902 | Mansfield, Ohio 44901 |

*Hoffman, P.J.*

{¶1}   Defendant-appellant Marco A. Feagin appeals his conviction and sentence in the Richland County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   In the early morning hours of January 17, 2004, Appellant shot and killed James Williams ("Williams") at the American Legion on Harmon Avenue in Mansfield. After the shooting, Williams was found lying on the floor near the disc jockey booth. Paramedics transported Williams to the hospital where he died in surgery. The following day, Appellant left the Mansfield area and went to Decatur, Illinois. Appellant eventually turned himself into law enforcement officials on June 27, 2004.

{¶3}   While Appellant was on the run, the Richland County Grand Jury indicted him on charges resulting from the shooting. The grand jury charged him with one count of murder, with a firearm specification; one count of possession of a firearm in a liquor permit premises; and one count of possession of a weapon under disability. This matter proceeded to a jury trial on December 13, 2004. The jury found Appellant guilty as charged in the indictment.

{¶4}   The trial court sentenced Appellant to fifteen years to life on the murder count, to be served consecutive to the three-year sentence on the firearm specification. The trial court also sentenced appellant to one year on the charge of possession of a weapon in a liquor permit premises and one year for the charge of possession of a weapon under disability, to be served concurrently with the murder sentence.

{¶5}   Appellant timely appealed.  Via Judgment Entry of February 15, 2006, this Court affirmed Appellant's conviction and sentence.

{¶6} Appellant filed a motion for resentencing on November 18, 2009, and a motion to vacate void judgment and order new sentencing hearing on March 1, 2010. Appellant filed a motion to dismiss all further proceedings due to unreasonable delay in sentencing, which the trial court overruled via Judgment Entry of March 23, 2010. On March 24, 2010, Appellant was resentenced for the purpose of imposing mandatory post-release control. A new sentencing entry was filed on March 25, 2010, imposing the original sentence in addition to a five year term of mandatory post-release control.

{¶7} Appellant now appeals, assigning as error:

{¶8} "I. DID THE TRIAL COURT ERRED [SIC] IN NOT DISMISSING THE CASE DUE TO UNREASONABLE DELAY?

{¶9} "II. DID THE PROSECUTOR KNOWINGLY USE PERJURED TESTIMONY?

{¶10} "III. CONVICTION SHOULD BE REVERSED DUE TO INSUFFICIENCY OF EVIDENCE AND A FAILURE OF THE STATE TO CARRY THE MANIFEST WEIGHT OF THE EVIDENCE BURDEN?

{¶11} "IV. DID THE PROSECUTOR COMMIT PROSECUTOR MISCONDUCT?"

I.

{¶12} In the first assignment of error, Appellant asserts the trial court erred in denying his motion to dismiss for unreasonable delay in sentencing, pursuant to Criminal Rule 32.

{¶13} Criminal Rule 32 reads:

{¶14} "(A) Imposition of sentence

{¶15} "Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:***"

{¶16} However, Criminal Rule 32(A) does not apply to defendants who must be resentenced due to a void original sentence. *State v. Brown,* 2010-Ohio-4863. Accordingly, Appellant's first assignment of error is overruled.

## II., III. and IV.

{¶17} Appellant's remaining assignments of error assert common and interrelated issues; therefore, we will address the arguments together.

{¶18} The second, third and fourth assignments of error raise challenges to the underlying conviction affirmed by this Court in our February 15, 2006 Judgment Entry. These arguments were or could have been raised upon direct appeal and therefore are barred from being raised now by res judicata.

{¶19} Appellant asserts res judicata does not apply because this Court lacked jurisdiction as no final appealable order existed at the time of his direct appeal pursuant to *State v. Baker*, 119 Ohio St.3d, 2008-Ohio-3330. In *State v. Loyer*, 2010-Ohio-1181, this Court held *Baker* does not apply retroactively to a case in which the direct appeal has become final prior to the date *Baker* was decided.[1]

{¶20} Based upon the above, Appellant's second, third and fourth assignments of error are overruled.

---

[1] As writer of this Opinion, I note I agree with the result but not the rationale of *Loyer*. I reach the same result for the reasons set forth in my dissent in *State v. Griffin*, 2010-Ohio-3517.

**{¶21}** The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. concur

Farmer, J. dissents

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


s/ John W. Wise
HON. JOHN W. WISE

*Farmer, J., dissents*

{**¶22**} I respectfully dissent for the reasons set forth in this court's opinion in *State v. Griffin*, Coshocton App. No. 09CA21, 2010-Ohio-3517, judgment vacated and remanded, 127 Ohio St.3d 266, 2010-Ohio-5948, and this court's subsequent opinion following remand, *State v. Griffin,* Coshocton App. No. 09CA21, 2011-Ohio-1638.




s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                            :
                                         :
    Plaintiff-Appellee               :
                                         :
-vs-                                     :               JUDGMENT ENTRY
                                         :
MARCO A. FEAGIN                          :
                                         :
    Defendant-Appellant              :               Case No. 10CA46


For the reasons stated in our Opinion, the judgment of the Richland County Court

of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE