[Cite as *State v. Brister*, 2013-Ohio-5874.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
GUERNSEY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| Plaintiff-Appellee | : | |
| | : | Hon., Patricia A. Delaney, J. |
| | : | Hon., W. Scott Gwin, P.J |
| -vs- | : | Hon., William B. Hoffman, J. |
| | : | |
| DARRELL BRISTER | : | CASE NO. 13 CA 21 |
| | : | |
| Defendant-Appellant | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:        Appeal from the Common Pleas
                                Court, Case No. 04-CR-05

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         December 17, 2013

APPEARANCES:

For Appellant                   For Appellee

Lindsey K. Donehue              No Appearance
Atty. Reg. No. 0082406
P.O. Box 464
Cambridge, Ohio 43725

and

Darrell Brister, Pro Se
G.C.I (468-169)
2500 South Avon-Belden Rd.
Grafton, Ohio  44044

Delaney, J.,

{¶1} Appellant, Darrell Brister, appeals from two trial court entries both dated May 15, 2013. On April 23, 2013, Appellant filed a "Motion to Correct Void Sentence" with the trial court. In response to the motion, the trial court issued two entries. One of the entries grants in part and denies in part Appellant's "Motion to Correct Void Sentence." The second entry is a "Nunc Pro Tunc Judgment Entry of Sentence."

{¶2} Appellant was found guilty of murder with a firearm specification by a jury in 2004. He appealed his conviction and sentence to this Court which was affirmed by this Court in 2005.

{¶3} When Appellant was sentenced in 2004, the trial court imposed a mandatory term of post release control. In his "Motion to Correct Void Sentence," Appellant argued the trial court erred in imposing a term of post release control because Appellant had been convicted of murder which is an unclassified felony to which post release control is inapplicable.

{¶4} The trial court agreed in part with Appellant and issued a "Nunc Pro Tunc" sentencing entry deleting the reference to post release control. The trial court denied Appellant's request for a de novo sentencing hearing. A timely notice of appeal was filed from the May 15, 2013 entries.

{¶5} Counsel for Appellant has filed a motion to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should

so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal*. Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

{¶6} Counsel for Appellant has filed brief with one proposed assignment of error. Appellant has also filed a pro se brief raising an additional assignment of error. The assignments of error are as follows:

I.

{¶7} "THE TRIAL COURT ERRED WHEN IT RESENTENCED APPELLANT"

II.

{¶8} "THE TRIAL COURT IMPROPERLY REMOVED POST-RELEASE CONTROL WITHOUT THE DEFENDANT BEING PRESENT, IN VIOLATION OF R.C. 2929.121, R.C. 2967.28, CRIM. R. 36, AND CRIM. R. 43"

{¶9} Because they are related, we will address both assignments of error together. Both counsel and Appellant argue Appellant's sentence should have been vacated in its entirety. Appellant further argues he should have been physically present to receive a new sentence rather than the trial court issuing a nunc pro tunc entry.

Finally, counsel for Appellant argues Appellant should have received a new trial after the sentence was vacated.

{¶10} The Ohio Supreme Court has explained when a problem exists in a sentencing entry related to post release control, "It is only the post release-control aspect of the sentence that is void and that must be rectified." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

{¶11} Appellant's sole basis for suggesting his sentence was void was the fact that post release control was improperly imposed for Appellant's murder conviction and sentence. The only issue presented to the trial court was the contention that post release control is inapplicable to a murder conviction because it is an unclassified felony. "[A]n individual sentenced for aggravated murder . . . is not subject to post release control, because that crime is an unclassified felony to which the post release-control statute does not apply. R.C. 2967.28." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶12} The trial court did err in 2004 when it included post release control as a term of Appellant's sentence. Because the only alleged error in the sentence is post release control, we find only the post release control portion of Appellant's 2004 sentence was subject to change.

{¶13} The question before us is whether the trial court was required to conduct a new sentencing hearing to remove the improperly imposed term of post release control. Other courts have held a new hearing is unnecessary.

{¶14} In a case similar to the case at bar, the Tenth District explained, "It is not disputed that appellant was convicted of murder, which is an unclassified felony to

which the post-release control statute does not apply. *Clark*, supra, 119 Ohio St.3d 239, 2008–Ohio–3748, ¶ 36; *State v. Gripper,* 10th Dist. No. 10AP–1186, 2011–Ohio–3656, ¶ 10. Accordingly, the inclusion of post-release control language in appellant's sentencing entry was in error. It is appellant's position that this renders his entire sentence void and that a de novo sentencing hearing is required to correct this error. We disagree.

***

{¶15} In the case sub judice, the trial court included post-release control language in appellant's sentence even though appellant was convicted of murder, an unclassified felony. Pursuant to *Fischer,* and also *Evans* and *Lawrence,* it is clear that this does not render appellant's entire sentence void, nor does it require a de novo sentencing hearing. Moreover, the record reflects that the superfluous post-release control language has been removed from the sentencing entry pursuant to the judgment entry filed on March 17, 2011." *State v. Silguero,* 10th Dist. Franklin No. 11AP-274, 2011-Ohio-6293.

{¶16} The legislature has provided in R.C. 2929.191 an avenue to correct post release control in certain situations such as where the sentencing entry conflicts with the oral pronouncement or where the term of post release control was omitted.  The statute, however, does not address a scenario where the term of post release control was improperly included.

{¶17} In approving the use of a nunc pro tunc entry to correct the erroneous inclusion of post release control, the Eighth District held, "[Th]e instant matter presents none of the three scenarios outlined in R.C. 2929.191(A) or (B), set forth above. The

trial court did not fail to notify defendant that he would be subject to post-release control, did not fail to notify him that the parole board could impose a prison term for a violation of post release control, and did not fail to have statutorily mandated notices incorporated into his sentencing entries. R.C. 2929.191(A) and (B). We therefore conclude that R.C. 2929.191 and *Singleton* are inapplicable herein.

{¶18} Further, with regard to whether the trial court employed a correct procedure in entering a nunc pro tunc deletion of the postrelease control provision, we note that a trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders, and other parts of the record so the record speaks the truth. *State v. Greulich*, 61 Ohio App.3d 22, 24, 572 N.E.2d 132 (9th Dist.1988)." *State v. Rolling* 8th Dist. Cuyahoga No. 95473, 2011-Ohio-121.

{¶19} Based upon the foregoing, we find the trial court did not err in issuing a nunc pro tunc entry removing the improperly imposed term of post release control. Finally, there is no authority for counsel's bare assertion that a new trial is required when a term of post release control has been improperly imposed.

{¶20} For these reasons, we grant counsel's motion to withdraw and overrule both assignments of error.  The judgment of the Guernsey County Court of Common Pleas is affirmed.


By Delaney, P.J.

Gwin, J. and

Hoffman, J. concur

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Brister*, 2013-Ohio-5874.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
GUERNSEY COUNTY, OHIO

STATE OF OHIO               :

                          :     CASE NO. 13 CA 21

     Plaintiff-Appellee     :

                          :

-vs-                    :     <u>JUDGMENT ENTRY</u>

                          :

DARRELL BRISTER        :

                          :

     Defendant-Appellant   :

For the reasons stated in our accompanying Memorandum-Opinion, the Motion to withdraw of counsel is granted, and the judgment of the Common Pleas Court of Guernsey County, Ohio is affirmed.

Costs to Appellant.

_____
HON. PATRICIA. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN