[Cite as *State v. Feagin*, 2015-Ohio-5107.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 15CA41 |
| MARCO FEAGIN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                             Common Pleas, Case No. 2003-CR0086 H


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 8, 2015


APPEARANCES:


For Plaintiff-Appellee                 For Defendant-Appellant


BAMBI COUCH PAGE                       MARCO FEAGIN, PRO SE, #480-240
Prosecuting Attorney                   ALLEN CORRECTIONAL INSTITUTE
Richland County, Ohio                  2238 North West Street
                                       P.O. Box 4501
BY: DANIEL M. ROGERS                   Lima, Ohio 45802
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 S. Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1} Defendant-appellant Marco A. Feagin appeals the April 14, 2015 Judgment Entry entered by the Richland County Court of Common Pleas denying his delayed motion for new trial. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On January 17, 2004, Appellant shot and killed James Williams at the American Legion in Mansfield, Ohio. Following a jury trial, Appellant was convicted of one count of murder, with a firearm specification; one count of possession of a firearm in a liquor permit premises; and one count of possession of a weapon under disability.

{¶3} The trial court sentenced Appellant to fifteen years to life on the murder count, to be served consecutive to the three year sentence on the firearm specification. The trial court sentenced Appellant to one year in prison on the charge of possession of a weapon in a liquor permit premises, and one year in prison for the charge of possession of a weapon under disability.

{¶4} On November 18, 2009, Appellant filed a motion for resentencing, and on March 1, 2010, a motion to vacate void judgment and order new sentencing hearing.

{¶5} On March 24, 2010, Appellant was resentenced for the purpose of imposing mandatory post-release control. A new sentencing entry was entered on March 25, 2010, imposing the original sentence and adding a five year term of mandatory post-release control.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

**{¶6}** Appellant filed an appeal from the March 24, 2010 resentencing entry in *State v. Feagin*, Richland No. 10CA46, 2011-Ohio-2025. This Court affirmed the trial Court's entry via Opinion and Judgment Entry of April 25, 2011.

**{¶7}** On March 27, 2015, Appellant filed a motion for leave to file delayed motion for new trial pursuant to Ohio Criminal Rule 33(A)(2). The trial court denied the motion via Judgment Entry of April 14, 2015.

**{¶8}** Appellant appeals, assigning as error:

**{¶9}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT ALLOWING THE PROSECUTION DURING CLOSING ARGUMENT TO MAKE INFLAMMATORY REMARKS IN THE PRESENCE OF THE JURY WITHOUT ANY CURATIVE INSTRUCTIONS THEREAFTER PERMITTING SUCH PROSECUTORIAL MISCONDUCT TO GO UNCHECKED WAS PLAIN ERROR AND VIOLATIVE OF APPELLANT'S RIGHTS TO A FAIR TRIAL.

**{¶10}** "II. DID THE PROSECUTOR KNOWINGLY ILLICIT AND USE PERJURED TESTIMONY WHICH WOULD ORDINARILY KNOWN TO PREJUDICE THE APPELLANT'S RIGHT TO A FAIR TRIAL?

**{¶11}** "III. DID THE CUMULATIVE EFFECTS OF THE MISCONDUCT OF THE PROSECUTING ATTORNEY'S INFLAMMATORY REMARKS MAKE GROUNDS FOR A MISTRIAL AND THE CONTRIBUTING RESULTS OF THE JURY'S FINDINGS TO MURDER AND SENTENCING?

**{¶12}** "IV. DID THE COURT EXCEED ITS SUBJECT-MATTER JURISDICTION IN EXPOSING APPELLANT TO A FIVE YEAR TERM OF POST-RELEASE CONTROL,

WHERE [PRC] CANNOT ATTACH AND/OR WHETHER THERE WERE GROUNDS FOR A NEW TRIAL?"

I, II, and III.

**{¶13}** On appeal in *State v. Feagin*, Richland 10 CA 46, 2011-Ohio-2025, Appellant assigned as error,

"I. DID THE TRIAL COURT ERRED [SIC] IN NOT DISMISSING THE CASE DUE TO UNREASONABLE DELAY?

"II. DID THE PROSECUTOR KNOWINGLY USE PERJURED TESTIMONY?

"III. CONVICTION SHOULD BE REVERSED DUE TO INSUFFICIENCY OF EVIDENCE AND A FAILURE OF THE STATE TO CARRY THE MANIFEST WEIGHT OF THE EVIDENCE BURDEN?

"IV. DID THE PROSECUTOR COMMIT PROSECUTOR MISCONDUCT?"

**{¶14}** Ohio Rule of Criminal Procedure 33 governs a motion for new trial, stating in pertinent part,

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(A) Grounds

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**(B) Motion for new trial; form, time**

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by

jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶15} Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶16} On appeal in Appellant's prior appeal, this Court considered the same claims that Appellant now attempts to raise in his delayed motion for new trial. Via opinion and Judgment Entry in *State v. Feagin* 10 CA 46, 2011 Ohio 2025, this Court rejected the arguments.

**{¶17}** We therefore find Appellant's arguments raised in the first, second and third assignments of error are barred under the doctrine of res judicata. Accordingly, they are overruled.

IV.

**{¶18}** In the fourth assignment of error, Appellant maintains the trial court's March 25, 2010 resentencing entry was void as the trial court illegally imposed a mandatory term of five years post-release control.

**{¶19}** A sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus; *see also State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16; *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 (where postrelease notification is absent from the sentencing hearing, the sentence is void and must be vacated and remanded to the trial court for de novo sentencing); *State v. Beasley,* 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984); *Colegrove v. Burns,* 175 Ohio St. 437, 195 N.E.2d 811 (1964). See, this Court's holding in *State v. Billiter*, 134 Ohio St. 3d 103, 105, 980 N.E.2d 960, 963, 2012-Ohio-5144.

**{¶20}** Upon review of the sentencing statutes in effect at the time of Appellant's sentence, we find the trial court did not err in sentencing Appellant. Appellant's sentence is not contrary to law; therefore, not void or invalid. As a result, Appellant's fourth assignment of error is also barred by the doctrine of res judicata as well as being erroneous on the merits.

{¶21} The April 14, 2015 Judgment Entry of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur