[Cite as *State v. Feagin*, 2016-Ohio-7003.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16CA21 |
| MARCO FEAGIN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Richland County Court of Common Pleas, Case No. 2003-CR-0086H

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: September 26, 2016

APPEARANCES:

For Plaintiff-Appellee

BAMBI COUCH PAGE
Prosecuting Attorney
BY DANIEL M. ROGERS
Assist. Prosecuting Attorney
38 S. Park Street
Mansfield, OH 44902

For Defendant-Appellant

MARCO FEAGIN
Allen Correctional Institute
2238 North West Street, Box 4501
Lima, OH 45802

*Gwin, P.J.*

{¶1}    Appellant appeals the April 5, 2016 judgment entry of the Richland County Court of Common Pleas denying and finding moot appellant's motion to convey. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    In 2004, appellant Marco Feagin shot and killed James Williams at the American Legion in Mansfield, Ohio. Following a jury trial, appellant was convicted of one count of murder, with a firearm specification; one count of possession of a firearm in a liquor permit premises; and one count of possession of a weapon under disability.

{¶3}    The trial court sentenced appellant to fifteen years to life on the murder count, to be served consecutive to the three year sentence on the firearm specification. The trial court sentenced appellant to one year in prison on the charge of possession of a weapon in a liquor permit premises, and one year in prison for the charge of possession of a weapon under disability. Appellant filed a direct appeal in *State v. Feagin*, 5th Dist. Richland No. 05CA1, 2006-Ohio-676, arguing the comment of a juror during voir dire tainted the jury pool and the verdict was contrary to law and against the manifest weight of the evidence. We overruled appellant's assignments of error and affirmed his convictions.

{¶4}    On March 24, 2010, appellant was resentenced for the purpose of imposing mandatory post-release control. A new sentencing entry was entered on March 25, 2010, imposing the original sentence and adding a five year term of mandatory post-release control. Appellant filed an appeal from the resentencing entry in *State v. Feagin*, 5th Dist.

Richland No. 10CA46, 2011-Ohio-2025. This Court affirmed the trial court's entry via opinion and judgment entry on April 25, 2011.

{¶5} On March 27, 2015, appellant filed a motion for leave to file delayed motion for new trial, which the trial court denied. We overruled appellant's assignments of error as to the denial of the motion in *State v. Feagin*, 5th Dist. Richland No. 15CA41, 2015-Ohio-5107. On March 7, 2016, this Court granted appellant's motion for reconsideration and found the trial court erred in resentencing appellant on March 25, 2010 to a term of post-release control. We vacated the portion of the March 25, 2010 resentencing entry imposing post-release control, but affirmed the remainder appellant's sentence.

{¶6} On March 9, 2016, the trial court issued a judgment entry vacating post-release control as ordered by this Court. The trial court stated that, in accordance with this Court's March 7, 2016 judgment entry, the portion of the March 25, 2010 entry imposing post-release control is vacated; however, the remainder of the sentence stands.

{¶7} On March 24, 2016, appellant filed a motion to convey appellant for hearing after vacation of sentence. Appellant argued the trial court was required to issue an order to convey him to appear in front of the court for a hearing. The trial court denied appellant's motion to convey on April 5, 2016, finding his motion moot due to the trial court's March 9, 2016 judgment entry.

{¶8} Appellant appeals the April 5, 2016 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶9} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT EXCEEDED SUBJECT-MATTER JURISDICTION BY ISSUING A NUNC PRO TUNC VACATING A RE-SENTENCING CASE NUMBER [2010] AND

WITHOUT RE-SENTENCING APPELLANT IN VIOLATION OF APPELLANT'S RIGHT TO CRIMINAL RULE 32(C) AND CRIM. R. 43.

{¶10} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT CREATING A JUDICIAL BIAS VIOLATING APPELLANT'S DUE PROCESS RIGHTS AND ABUSING ITS DISCRETION WHEN VACATING AN INVALID IMPOSITION OF PRC WHERE THE COURT ISSUED A JOURNAL ENTRY VACATING THE 2010 RE-SENTENCE, WITHOUT THE LANGUAGE TO CURE COST ASSESSED.

{¶11} "III. WHETHER THE PROSECUTION'S MISSTATEMENTS WERE EGREGIOUS ENOUGH TO WARRANT A REVIEW PURSUANT TO CRIMINAL RULE 52(B) (PLAIN ERROR REVIEW)."

I.

{¶12} In appellant's first assignment of error, he argues the trial court erred in vacating his post-release control without conveying him for a hearing.

{¶13} In *State v. Brister*, 5th Dist. Guernsey No. 13 CA 21, 2013-Ohio-5874, we addressed the same argument as appellant makes in this case. The appellant in *Brister* was convicted of murder. *Id.* The trial court included post-release control language in the sentencing entry despite the fact that appellant was convicted of murder, an unclassified felony to which the post-release controls statute did not apply. *Id.* The appellant argued his entire sentence was void and a new sentencing hearing was required to correct the error. *Id.* We rejected the appellant's assignment of error and found the inclusion of post-release control language in the sentencing entry did not render the appellant's sentence void and further found no sentencing hearing was required. *Id.*

Rather, we found the trial court did not err in issuing a nunc pro tunc entry removing the improperly imposed term of post release control. *Id.*

**{¶14}** The instant case is analogous to *Brister* in that appellant was convicted of murder and the trial court included post-release control language in the March 25, 2010 sentencing entry despite the fact that appellant was convicted of murder, an unclassified felony to which the post-release control statute did not apply. In our March 7, 2016 judgment entry, this Court vacated the post-release control portion of appellant's sentence. The trial court subsequently issued its judgment entry vacating post-release control as ordered on March 9, 2016. Pursuant to *Brister*, the trial court was not required to hold a hearing prior to vacating the post-release control portion of appellant's sentence. Accordingly, the trial court did not err in denying appellant's motion to convey as moot. Appellant's first assignment of error is overruled.

II.

**{¶15}** In his second assignment of error, appellant argues the trial court erred when it issued its "judgment entry vacating post-release control as ordered" without vacating court costs previously assessed against appellant.

**{¶16}** Appellant did not appeal the March 9, 2016 judgment entry vacating post-release control. In his notice of appeal, appellant states he appeals from the April 5, 2016 judgment entry denying his motion to convey and in his docketing statement, appellant lists April 5, 2016 as the date(s) of the judgment entry being appealed from. Accordingly, because appellant did not appeal from the March 9, 2016 entry, he has waived any error that could have been raised with respect to that entry. *Kolano v. Kolano*, 5th Dist.

Tuscarawas No. 2014 AP 060026, 2015-Ohio-1369.  Further, in appellant's motion to convey, there is no argument or request for the trial court to vacate court costs.

**{¶17}** Finally, the only entry from the trial court referencing court costs is the "resentencing entry" from March 25, 2010.  Appellant appealed from the trial court's March 25, 2010 entry and thus could have and should have raised any claims concerning court costs in his appeal of that judgment entry in *State v. Feagin*, 5th Dist. Richland No. 10 CA 46, 2011-Ohio-2025.  Appellant did not raise the issue of court costs in his 2010 appeal or in his 2015 appeal.  Accordingly, the issue of court costs is res judicata as defined in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).  Appellant's second assignment of error is overruled.

III.

**{¶18}** In his final assignment of error, appellant argues prosecutorial misconduct during his trial.

**{¶19}** We first note that appellant failed to raise the issue of prosecutorial misconduct in his motion to convey, the judgment entry appellant appeals from in this case.  As noted above, the notice of appeal and docketing statement state this is an appeal from the April 5, 2016 judgment entry.  Thus, such an argument is waived in this appeal.  *State v. Brewer*, 2nd Dist. Montgomery No. 26153, 2015-Ohio-693.

**{¶20}** Notwithstanding the issue of waiver, we find appellant's claim of prosecutorial misconduct is barred by res judicata.  Appellant raises the same claim of prosecutorial misconduct that this Court rejected pursuant to res judicata in *State v. Feagin*, 5th Dist. Richland No. 10 CA 46, 2011-Ohio-2025 and *State v. Feagin*, 5th Dist.

Richland No. 15 CA 41, 2015-Ohio-5107.  Accordingly, appellant's third assignment of error is overruled.

{¶21}  Based on the foregoing, we overrule appellant's assignments of error.  The April 5, 2016 judgment entry of the Richland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur