[Cite as *State ex rel. Feagin v. Robinson*, 2018-Ohio-4098.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO EX REL. MARCO A. FEAGIN | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J. |
| Relator | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 18 CA 57 |
| HONORABLE BRENT ROBINSON | O P I N I O N |
| Respondent | |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Case No. 2003 CR 0086H


JUDGMENT:    Dismissed


DATE OF JUDGMENT ENTRY:    October 9, 2018


APPEARANCES:

For Relator

MARCO A. FEAGIN
ALLEN/OAKWOOD CORR. INST.
2338 North West Street
Lima, Ohio 45802

For Respondent

JOHN C. SNYDER
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

*Wise, P. J.*

{¶1}   Relator, Marco Feagin, has filed a Petition for Writ of Mandamus requesting this Court order Respondent "to restore portions he has shown to be absent from existing transcript…" It appears Relator believes some testimony is missing from the transcript of his trial.  Respondent has filed a motion to dismiss to which Relator has responded.

FACTS[1]

{¶2}   In 2004, appellant Marco Feagin shot and killed James Williams at the American Legion in Mansfield, Ohio. Following a jury trial, appellant was convicted of one count of murder, with a firearm specification; one count of possession of a firearm in a liquor permit premises; and one count of possession of a weapon under disability.

{¶3}   The trial court sentenced appellant to fifteen years to life on the murder count, to be served consecutive to the three year sentence on the firearm specification. The trial court sentenced appellant to one year in prison on the charge of possession of a weapon in a liquor permit premises, and one year in prison for the charge of possession of a weapon under disability. Appellant filed a direct appeal in *State v. Feagin,* 5th Dist. Richland No. 05CA1, 2006–Ohio–676, arguing the comment of a juror during voir dire tainted the jury pool and the verdict was contrary to law and against the manifest weight of the evidence. We overruled appellant's assignments of error and affirmed his convictions.

---

[1] The facts below are taken from our opinion *State v. Feagin*, 5th Dist. Richland No. 16CA21, 2016-Ohio-7003, ¶¶ 1-3.

**{¶4}** Relator has now filed the instant petition requesting that the trial transcript and/or record be corrected to include what he believes are missing portions of the transcript.

MANDAMUS

**{¶5}** To be entitled to a writ of mandamus, a relator must establish by clear and convincing evidence a clear legal right to the requested relief, a clear legal duty on the part of the respondent to grant that relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13; *State ex rel. Perry Twp. Bd. of Trustees v. Husted, Secy.*, 2018-Ohio-3830.

**{¶6}** The Supreme Court held Appellate Rule 9 provides an adequate remedy at law to correct an error or omission in the transcript or record. *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420.

**{¶7}** Further, Relator filed a motion to correct the record which was denied by the trial court. Relator could have appealed the trial court's ruling which would also provide an adequate remedy at law.

{¶8}   The existence of an adequate remedy at law precludes the issuance of a writ of mandamus.  Therefore, the motion to dismiss for failure to state a claim upon which relief may be granted is sustained.  The petition is dismissed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/d 1001