**[Cite as *State v. Feagin*, 2018-Ohio-4221.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MARCO A. FEAGIN | : | Case No. 18CA48 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 2003CR0086


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    October 16, 2018


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

JOSEPH C. SNYDER                          MARCO A. FEAGIN, Pro Se
38 South Park Street                      Inmate No. 480-240
Mansfield, OH  44902                      Allen Oakwood Correctional Institution
                                          P.O. Box 4501
                                          Lima, OH  45802

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Marco A. Feagin, appeals the May 30, 2018 judgment entry of the Court of Common Pleas of Richland County, Ohio denying his petition for postconviction relief.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 22, 2004, appellant was sentenced to an aggregate term of eighteen years to life involving several counts including murder with a firearm specification.  Appellant filed a direct appeal and this court affirmed his convictions and sentence.  *State v. Feagin*, 5th Dist. Richland No. 05CA1, 2006-Ohio-676.  Appellant did not raise any claims of prosecutorial misconduct or ineffective assistance of counsel.

{¶ 3}   On March 25, 2010, a new sentencing entry was entered in order to impose a mandatory term of post-release control.  The trial court sentenced appellant to the original sentence and added a five year term of mandatory post-release control.  Appellant filed an appeal, raising in part prosecutorial misconduct.  This court affirmed the resentencing, and noted the arguments relative to prosecutorial misconduct were res judicata as they could have been raised in the direct appeal.  *State v. Feagin*, 5th Dist. Richland No. 10CA46, 2011-Ohio-2025.

{¶ 4}   On April 25, 2011, the trial court denied appellant's motion for leave to file delayed motion for new trial.  Appellant filed an appeal, raising in part prosecutorial misconduct. This court affirmed the trial court's decision, and again found the arguments relative to prosecutorial misconduct to be res judicata.  *State v. Feagin*, 5th Dist. Richland No. 15CA41, 2015-Ohio-5107.  Appellant filed a motion for reconsideration.  By judgment entry filed March 7, 2016, this court granted the motion, finding the trial court erred in

resentencing appellant in its March 25, 2010 entry relative to post-release control. The portion of the entry on post-release control was vacated, but the remainder of appellant's sentence was left intact. By judgment entry filed March 9, 2016, the trial court vacated the order of post-release control.

{¶ 5} On April 5, 2016, the trial court denied appellant's motion to convey him for hearing after vacation of sentence. Appellant filed an appeal, raising in part prosecutorial misconduct. This court affirmed the trial court's decision, and again found the arguments relative to prosecutorial misconduct to be res judicata. *State v. Feagin*, 5th Dist. Richland No. 16CA21, 2016-Ohio-7003.

{¶ 6} On May 11, 2018, appellant filed a petition to vacate and set aside judgment of conviction and sentence pursuant to R.C. 2953.21 and 2953.23. Appellant made arguments relative to jury instructions, prosecutorial misconduct, and ineffective assistance of counsel. By judgment entry filed May 30, 2018, the trial court denied the petition, finding it was a successive petition for postconviction relief, the petition was untimely filed, and the arguments therein were res judicata.

{¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 8} "APPELLANT WAS DEPRIVED OF A FAIR TRIAL WHERE THE STATE OF OHIO WITHHELD EXCULPATORY EVIDENCE IN VIOLATION OF THE EQUAL PROTECTION AND DUE PROCESS CLAUSE(S) OF THE UNITED STATES CONSTITUTION AND ART. 1 SECTION 10, 16 OF THE OHIO CONSTITUTION."

## II

{¶ 9}  "APPELLANT WAS DEPRIVED OF A FAIR TRIAL WHERE THE STATE FAILED TO PROPERLY INSTRUCT THE JURY AS TO SELF-DEFENSE WHILE INSTRUCTING IN A GENERAL SENSE IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS."

## III

{¶ 10} "APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND UPON HIS DIRECT APPEAL WHERE COUNSEL ON APPEAL FAILED TO RAISE THE CUMULATIVE EFFECTS OF ERRORS OF HIS TRIAL COUNSEL'S AT TRIAL IN VIOLATION OF THE APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS CONTAINED IN THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 10, 16 OF THE OHIO CONSTITUTION, AND AS CONFERRED IN THE OHIO'S FOURTEENTH AMENDMENT."

{¶ 11} We note the day after appellee filed its brief, appellant filed a supplemental brief adding a fourth assignment of error.  Appellant did not seek leave to supplement his brief therefore, the additional assignment of error will not be considered.

## I, II, III

{¶ 12} In his three assignments of error, appellant claims the trial court erred in denying his petition for postconviction relief, arguing he was denied a fair trial because the state withheld exculpatory evidence, the state failed to properly instruct the jury on self-defense, and he was deprived of the effective assistance of trial counsel and appellate counsel in his direct appeal.  We disagree with appellant's claims.

{¶ 13} Appellant appeals the trial court's denial of his May 11, 2018 petition to vacate and set aside judgment of conviction and sentence. In his petition, appellant argued the jury was not instructed on provocation, the prosecutor made improper statements, the prosecutor elicited perjured testimony, he received ineffective assistance of trial counsel regarding the defense of self-defense, the prosecutor withheld exculpatory evidence, and the prosecutor used overzealous tactics. By judgment entry filed May 30, 2018, the trial court denied the petition, finding it was a successive petition for postconviction relief (fifth filing at a minimum), the petition was untimely filed (more than twelve years late), and the arguments therein were res judicata. We note the trial court conducted a thorough analysis on appellant's petition.

{¶ 14} As determined by the trial court, appellant's May 11, 2018 petition for postconviction relief was clearly untimely pursuant to R.C. 2953.21(A)(2). Based upon appellant's past filings, the subject petition was a successive petition for postconviction relief. R.C. 2953.23 states the following:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to

present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 15} In reviewing appellant's May 11, 2018 filing, we find appellant did not satisfy the requirements of R.C. 2953.23.

{¶ 16} Furthermore, the arguments raised by appellant in his petition are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The *Perry* court explained the doctrine at 180-181 as follows:

Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any

defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶ 17} The issues raised by appellant in his petition could have been raised on direct appeal and/or were raised in his previous appeals.

{¶ 18} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief.

{¶ 19} Assignments of Error I, II, and III are denied.

{¶ 20} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db 103