[Cite as *State v. Feagin*, 2019-Ohio-2185.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2018 CA 0126 |
| MARCO A. FEAGIN | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No.  03 CR 86H

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      June 4, 2019

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOSEPH C. SNYDER      MARCO A. FEAGIN
PROSECUTING ATTORNEY      ALLEN/OAKWOOD CORR. INSTITUTION
38 South Park Street      2338 North West Street, P. O. Box 4501
Mansfield, Ohio  44902      Lima, Ohio  45802

*Wise, John, P. J.*

{¶1}   Appellant Marco A. Feagin appeals the November 5, 2018, decision of the Richland County Court of Common Pleas denying his motion for leave to file a motion for a new trial.

{¶2}   Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   The relevant facts and procedural history are as follows:

{¶4}   In 2004, Appellant Marco Feagin shot and killed James Williams at the American Legion in Mansfield, Ohio. Following a jury trial, Appellant was convicted of one count of murder, with a firearm specification; one count of possession of a firearm in a liquor permit premises; and one count of possession of a weapon under disability.

{¶5}   The trial court sentenced Appellant to fifteen years to life on the murder count, to be served consecutive to the three year sentence on the firearm specification. The trial court sentenced Appellant to one year in prison on the charge of possession of a weapon in a liquor permit premises, and one year in prison for the charge of possession of a weapon under disability. Appellant filed a direct appeal in *State v. Feagin,* 5th Dist. Richland No. 05CA1, 2006–Ohio–676, arguing the comment of a juror during voir dire tainted the jury pool, and the verdict was contrary to law and against the manifest weight of the evidence. We overruled Appellant's assignments of error and affirmed his convictions.

{¶6}   On December 22, 2004, Appellant was sentenced to an aggregate term of eighteen (18) years to life involving several counts including murder with a firearm specification.

**{¶7}** Appellant filed a direct appeal and this Court affirmed his convictions and sentence. *State v. Feagin*, 5th Dist. Richland No. 05CA1, 2006-Ohio-676. Appellant did not raise any claims of prosecutorial misconduct or ineffective assistance of counsel.

**{¶8}** On March 25, 2010, a new sentencing entry was entered in order to impose a mandatory term of post-release control. The trial court sentenced Appellant to the original sentence and added a five year term of mandatory post-release control.

**{¶9}** Appellant filed an appeal, raising in part prosecutorial misconduct. This court affirmed the resentencing, and noted the arguments relative to prosecutorial misconduct were *res judicata* as they could have been raised in the direct appeal. *State v. Feagin*, 5th Dist. Richland No. 10CA46, 2011-Ohio-2025.

**{¶10}** On April 25, 2011, the trial court denied Appellant's motion for leave to file a delayed motion for new trial.

**{¶11}** Appellant filed an appeal, raising in part prosecutorial misconduct. This court affirmed the trial court's decision and again found the arguments relative to prosecutorial misconduct to be *res judicata*. *State v. Feagin*, 5th Dist. Richland No. 15CA41, 2015-Ohio-5107.

**{¶12}** Appellant filed a motion for reconsideration. By judgment entry filed March 7, 2016, this Court granted the motion, finding the trial court erred in resentencing Appellant in its March 25, 2010 entry relative to post-release control. The portion of the entry on post-release control was vacated, but the remainder of Appellant's sentence was left intact. By judgment entry filed March 9, 2016, the trial court vacated the order of post-release control.

**{¶13}** On April 5, 2016, the trial court denied Appellant's motion to convey him for hearing after vacation of sentence. Appellant filed an appeal, raising in part prosecutorial misconduct. This Court affirmed the trial court's decision, and again found the arguments relative to prosecutorial misconduct to be *res judicata. State v. Feagin*, 5th Dist. Richland No. 16CA21, 2016-Ohio-7003.

**{¶14}** On July 27, 2017, Appellant filed a motion to have the record restored, asking that the court supplement the record with an undated newspaper clipping reporting on Appellant's trial.

**{¶15}** On August 3, 2017, Appellant filed a motion to vacate void judgment for lack of subject matter jurisdiction.

**{¶16}** On August 21, 2017, the trial court denied Appellant's pending motions.

**{¶17}** On May 11, 2018, Appellant filed a petition to vacate and set aside judgment of conviction and sentence pursuant to R.C. §2953.21 and §2953.23. Appellant made arguments relative to jury instructions, prosecutorial misconduct, and ineffective assistance of counsel.

**{¶18}** By judgment entry filed May 30, 2018, the trial court denied the petition, finding it was a successive petition for post-conviction relief, the petition was untimely filed, and the arguments therein were *res judicata*.

**{¶19}** On June 4, 2018, Appellant filed a Complaint in Procendendo in the Ohio Supreme Court in Case No. 2018-773, requesting the Supreme Court to order the trial court to correct the record with the undated News Journal article. The Supreme Court dismissed the case on August 15, 2018.

{¶20} On July 19, 2018, Appellant filed a motion for a new trial pursuant to Crim.R. 33(A) with the trial court.

{¶21} On July 23, 2018, Appellant filed a Writ of Mandamus in this Court in Case No. 18-VA-57, requesting that this Court grant his July 27, 2017, motion to "restore" the record with the News Journal article. This Court dismissed the case on October 9, 2018.

{¶22} On August 17, 2018, Appellant filed a request to have the record restored pursuant to App.R. 9(E).

{¶23} On September 17, 2018, Appellant filed a motion or an in-camera inspection of documents.

{¶24} On September 25, 2018, Appellant filed a judicial notice of adjudicative facts.

{¶25} On September 27, 2018, Appellant filed a motion to correct sentence contrary to law.

{¶26} On October 16, 2018, this Court affirmed the trial court's May 30, 2018, decision, again finding the arguments to be *res judicata*. *State v. Feagin*, 5th Dist. Richland No. 18-CA-0048, 2018-Ohio-4221.

{¶27} On October 16, 2018, Appellant filed a motion for a new trial.

{¶28} On October 24, 2018, Appellant filed a motion to correct the record requesting the undated New Journal article be added to the case on appeal.

{¶29} The State of Ohio filed responses on August 21, 2018, and October 18, 2018.

{¶30} By Judgment Entry filed November 5, 2018, the trial court denied the above motions, finding that the arguments had all been raised previously.

**{¶31}** Appellant now appeals, raising the following errors for review:

**ASSIGNMENTS OF ERROR**

**{¶32}** "I. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN IT DEVIATED FROM THE LAWFUL SCOPE OF REVIEW PURSUANT TO A CRIM.R. 33(A)(6) AND WHETHER APPELLANT MET THE CRITERIA.

**{¶33}** "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT A HEARING PURSUANT TO APPELLANT'S PRESENTATION OF EVIDENCE OF HAVING BEEN UNAVOIDABLY DELAYED IN FILING MOTION FOR NEW TRIAL.

**{¶34}** "III. THE PROSECUTING ATTORNEY COMMITTED MISCONDUCT THAT PREJUDICED THE APPELLANT AND VIOLATED THE 14TH AMENDMENT PREVENTING APPELLANT FROM RECEIVING A FAIR TRIAL.

**{¶35}** "IV. THE PROSECUTING ATTORNEYS AND TRIAL COURT JUDGE PREVENTED APPELLANT FROM RECEIVING EVIDENCE MATERIAL TO APPELLANT IN HIS PRESENTATION OF A DEFENSE.

**{¶36}** "V. THE PROSECUTING ATTORNEYS FAILED THEIR DUTY TO RESTORE THE RECORD AND THE COURT SHOWED BIAS WHEN IT FAILED TO ALLOW THE PROSECUTION TO CORRECT IMCOMPLETE TRANSCRIPTS.

**{¶37}** "VI. THE TRIAL COURT JUDGE ABUSED THE DISCRETION OF THE COURT AND APPLIED ERRONEOUS CASE LAW IN MAKING A RULING UNDER THE COLOR OF LAW, WHEN DENYING APPELLANT DISCOVERY PURSUANT TO PUBLIC REQUEST 149.43(B)(4)/CRIMR.16(B)(1)(F).

**I., II., VI.**

**{¶38}** In his first, second and sixth assignments of error, Appellant argues the trial court erred in denying his motion for a new trial. We disagree.

**{¶39}** Ohio Rule of Criminal Procedure 33 governs a motion for new trial, stating in pertinent part,

**{¶40}** A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

**(A) Grounds**

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**(B) Motion for new trial; form, time**

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the

defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**{¶41}** *Res judicata* bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

**{¶42}** On appeal in Appellant's prior appeals, this Court considered the same claims that Appellant now attempts to raise in his delayed motion for new trial.

**{¶43}** We therefore find Appellant's arguments raised in the first, second and sixth assignments of error are barred under the doctrine of res judicata. Accordingly, they are overruled.

### III., IV., V.

**{¶44}** In his third, fourth and fifth assignments of error, Appellant argues that the prosecuting attorney committed prosecutorial misconduct. We disagree.

**{¶45}** Again, we find that the arguments being raised by Appellant have been considered and overruled by this Court in Appellant's previous appeals as set forth in the long procedural history detailed above. As such, these arguments are barred by the doctrine of *res judicata*

**{¶46}** Based on the foregoing, we find Appellant's third, fourth and fifth assignments of error not well-taken and hereby overrule same.

**{¶47}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0520