**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Uwadia Precious OSAGHAE,**
**Defendant–Appellant.**

No. 00–1427.

United States Court of Appeals,
Sixth Circuit.

Sept. 20, 2001.

Before GUY and MOORE, Circuit Judges; HULL, District Judge.*

*ORDER*

In 1999, Uwadia Precious Osaghae was convicted of conspiring to pass counterfeit money, in violation of 18 U.S.C. §§ 371 and 472. On April 6, 2000, he was sentenced to forty-six months of imprisonment and three years of supervised release. It is from this judgment that Osaghae now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Osaghae was first tried on these charges in 1997. A mistrial was declared at that time because the jury was unable to reach a unanimous verdict on the charges against him.

Osaghae was retried in February 1999. In his opening statement, defense counsel argued that there was no evidence connecting Osaghae to the Natoc Construction Company. The connection was relevant because several calls had been made through a phone in the company's name to Nigeria and Amsterdam, while a co-conspirator was in those countries. The government later advised the court of its intention to introduce a Natoc Construction check that Osaghae had signed. The check had been made out to Osaghae's defense attorney, who immediately anticipated a conflict of interest. The court recognized a problem in defense counsel's continued representation and orally declared a mistrial. Counsel's motion to withdraw was granted, and the court entered a written order declaring a mistrial several days later.

The check was admitted by stipulation at a third trial, and Osaghae was convicted. He later moved to dismiss the indictment based on a double jeopardy violation. However, Osaghae declined to present any substantive arguments on this motion, and the court did not rule on his claim.

■ We review the district court's decision to declare a mistrial for an abuse of discretion. *See United States v. Cameron,* 953 F.2d 240, 243 (6th Cir.1992). However, its subsequent failure to dismiss the indictment on double jeopardy grounds is reviewed *de novo*. *See id.*

■ The court did not abuse its discretion by declaring a mistrial, as Osaghae was left without effective legal representation when his attorney recognized that he had a conflict that required him to withdraw. *See United States v. Combs,* 222 F.3d 353, 359–60 (7th Cir.2000). Osaghae now argues that the district court failed to comply with Fed.R.Crim.P. 26.3. This argument is refuted by the record which indicates that the parties did have an opportunity to object and to suggest alternatives before the mistrial was declared. Moreover, Osaghae did not appeal the trial court's order that declared a mistrial, and

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

the time for filing such an appeal is long past.

██ Osaghae's double jeopardy claim lacks merit because he acquiesced in the decision to declare a mistrial. *See United States v. Gantley*, 172 F.3d 422, 428–29 (6th Cir.1999). The record indicates that defense counsel moved to withdraw because he immediately recognized a conflict of interest, that the parties had an opportunity to suggest alternatives to a mistrial, that the court determined that there was no viable alternative, and that defense counsel did not raise any objection—even though the issue was discussed in chambers and on the record. Under these circumstances, we conclude that the defense implicitly consented to a mistrial. *See id.* at 429 & n. 4.

██ Reprosecution was also allowed because counsel's conflict made the mistrial a manifest necessity. *See Combs*, 222 F.3d 353, 359–60; *Gantley*, 172 F.3d at 429–31. Osaghae argues that the government created a situation that led to mistrial by trying to introduce the check. However, he has not shown that the government intended to provoke a mistrial. *See United States v. White*, 914 F.2d 747, 752 (6th Cir.1990). Indeed, it appears that the government tried to introduce the check only after the defense argued that there was no evidence connecting Osaghae with Natoc.

Accordingly, the district court's judgment is affirmed.