DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, David A. Abele, appeals from a judgment of conviction entered by the Jackson County Municipal Court pursuant to a bench verdict finding appellant guilty of running a stop sign in violation of R.C. 4511.43. For the reasons that follow, we reverse that judgment.
 {¶ 2} On March 9, 2004, appellant was stopped for allegedly running a stop sign in violation of R.C. 4511.43. The alleged violation occurred at the intersection of Main Street and Broadway in the Village of Coalton, Ohio. The intersection was a three-way stop. The roadway on which appellant was operating his vehicle had a marked "stop line" just before the stop sign at the intersection. As appellant's vehicle approached the intersection, appellant came to a complete stop directly behind another vehicle. The lead vehicle was stopped beyond the stop line. The lead vehicle proceeded through the intersection. Appellant then proceeded through the intersection without stopping a second time.
 {¶ 3} Officer Lonnie Anderson stopped appellant and cited him for a stop sign violation. R.C. 4511.43. Following a bench trial, the trial court found appellant guilty of the violation.
 {¶ 4} Appellant, appearing pro se, appeals, assigning the following errors:
[1.] The State failed to prove defendant guilty of the offense beyond a reasonable doubt.
[2.] The Court's decision was not based on a correct interpretation of applicable law, and therefore the Court erred in finding the Defendant guilty of the offense.
[3.] The Court's judgment is against the manifest weight of the evidence.
 {¶ 5} Because appellant's three assignments of error are interrelated, we will address them together.
 {¶ 6} Essentially, appellant's first argument is that there was insufficient evidence presented to establish a violation of R.C. 4511.43. The Supreme Court of Ohio delineated the rule of an appellate court presented with a sufficiency of the evidence argument in State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 7} Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. The weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Thomas (1982),70 Ohio St.2d 79, 80. A verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 484;Jenks, supra, at 273.
 {¶ 8} The central issue before us in this appeal is whether there was sufficient evidence before the trial court to convict appellant of violating R.C. 4511.43. R.C. 4511.43(A) provides:
Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways.
 {¶ 9} Therefore, if there is a clearly marked stop line on the roadway at the approach to a stop sign, the driver must stop at the stop line. If there is no clearly marked stop line, the driver must stop before entering the crosswalk on the near side of the intersection. If there is no clearly marked stop line and no crosswalk, the driver must stop at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway. R.C. 4511.43(A).
 {¶ 10} Here, it is undisputed that there was a clearly marked stop line on the roadway as appellant approached the stop sign. Therefore, a violation of R.C. 4511.43(A) would occur only if appellant failed to stop at the stop line. A review of the trial transcript reveals that the state presented no evidence establishing that appellant failed to stop at the stop line.
 {¶ 11} The state called only one witness, Officer Lonnie Anderson, who issued the citation to appellant. Officer Anderson admitted on cross-examination that appellant came to a complete stop behind another vehicle that was stopped immediately in front of appellant. Officer Anderson also admitted that the vehicle in front of appellant was stopped beyond the stop line. To prove a violation of R.C. 4511.43, the state had to establish that appellant failed to stop at the stop line. The state's only witness admitted that appellant came to a complete stop, at least near the intersection. The state presented no evidence indicating where appellant stopped in relation to the stop line. Without such evidence, the state simply failed to prove a violation of R.C. 4511.43.
 {¶ 12} In addition, appellant testified that he came to a complete stop at the stop line immediately behind another vehicle that had crossed over the stop line. Again, the state presented no evidence to rebut appellant's testimony. In fact, Officer Anderson's testimony essentially corroborates appellant's version of events. Appellant was under no obligation to stop twice.
 {¶ 13} After viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. Therefore, we sustain appellant's first assignment of error. Appellant's second and third assignments of error are rendered moot.
 {¶ 14} Having sustained appellant's first assignment of error, the judgment of the Jackson County Municipal Court, Jackson, Ohio, is reversed. We further remand this matter to the trial court with instructions to enter a verdict of not guilty.
JUdgment reversed and remanded with instructions
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, and Appellee to pay costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is order that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of 60 days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the 60-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of the said 60 days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Bryant, J. and Sadler, J.: Concur in Judgment and Opinion.
Klatt, Bryant and Sadler, JJ., of the Tenth District Court of Appeals, sitting by assignment in the Fourth District Court of Appeals.