[Cite as *Cleveland v. McShane*, 2012-Ohio-1532.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96720**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## NYKI McSHANE

DEFENDANT-APPELLANT

**JUDGMENT:**
**REVERSED AND**
**VACATED**

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011 TRD 012360

**BEFORE:** Blackmon, A.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

-i-

**APPELLANT**

Nyki McShane, Pro Se
3440 Avalon Road, # 308
Shaker Heights, Ohio 44120


**ATTORNEY FOR APPELLEE**

Barbara Langhenry
Interim Director of Law

Victor Perez
Chief Prosecutor

Angela Rodriguez
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant Nyki McShane appeals the trial court's decision finding him guilty of violating Cleveland Codified Ordinances 431.19 (Operation of Vehicle at Stop Signs), and assigns the following error for our review:

**I. Lower Court misinterpretation of Ohio Revised Code 4511.43.**

{¶2} Having reviewed the record and pertinent law, we reverse the trial court's decision and vacate McShane's conviction. The apposite facts follow.

{¶3} McShane was issued a citation for failure to stop at a stop sign at the intersection of East 130th Street and Forest Avenue. He pled not guilty, and days later a bench trial was held. At the bench trial, the City called Officer Anthony Tomaro, who issued the citation to McShane. Officer Tomaro testified that on February 17, 2011, he was at the intersection in his zone car, which was parked on Forest Avenue 75 feet west of the intersection. Officer Tomaro observed a black Ford SUV approach the intersection, slow down, but did not come to a complete stop; the vehicle then turned right. Officer Tomaro stopped the vehicle and issued McShane a citation.

{¶4} McShane testified that he was driving down East 130th Street, came to a stop at the stop sign, which is located on a telephone pole that is approximately 12 feet from the curb, proceeded to the intersection, and then turned right. McShane stated the intersection was a four-way stop and that three of the four stop signs are posted in the regular position, but the fourth is set significantly back from the intersection and attached

to a telephone pole. McShane stated that based on the position of the stop sign, Officer Tomaro, situated 75 feet away on Forest Avenue, would not have been able to see when he came to a complete stop at the stop sign.

{¶5} The trial court found McShane guilty and fined him $55 plus court costs. The matter was stayed pending this appeal.

## Manifest Weight of Evidence

{¶6} Although McShane in his sole assigned error questioned the trial court's interpretation of R.C. 4511.43, he was charged under the city's ordinance, which is different from the state's code. Consequently, we review his assigned error under the manifest weight of the evidence, which is the substance of his argument.

{¶7} A claim that a conviction is against the manifest weight of the evidence "addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 1997-Ohio-52, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's?" *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25. This court sits as the "thirteenth juror" and, reviewing the entire record, engages in a weighing of the evidence "and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶8}** Under Cleveland Codified Ordinances 431.19,

**Except when directed to proceed by law enforcement, every driver of a vehicle approaching at a stop sign, shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection or if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it.**

**{¶9}** At trial, McShane presented pictures of the intersection and the stop sign at issue. Our review of the pictures McShane presented confirms that the stop sign is attached to a telephone pole and is set significantly back from the intersection as opposed to the other regularly posted stop signs. The pictures also indicate that there are no painted stop lines or crosswalks at any of the intersections. The significant set back of the stop sign located on the telephone pole and the fact that there were no painted stop lines supports McShane's assertion that Officer Tomaro, who was parked 75 feet away on the cross street, could not have seen when McShane stopped at the stop sign posted on the telephone pole.

**{¶10}** At trial, the following exchange took place:

**The Defendant:** **I stopped.**

**The Court:** **You stopped there? You didn't stop here.**

**The Defendant:** **No I was going into making a turn. I was making a right turn. I stopped before the stop sign.**

**The Court:** **And when I said he didn't stop here — you didn't stop here at the corner where the road is intersecting.**

**The Defendant:** **I clearly stopped where the stop sign says stop here. That's where it is placed.**

**\* \* \***

**The Court:** **You are required to stop here, not just there. You are required to stop here.**

**The Defendant:** **There is no stop line.**

**\* \* \***

**The Court:** **\* \* \* The cars are intersecting here. If you don't stop here you are going to run into someone no matter how long you stopped here. Do you understand that? This is a safety issue.** Tr. 13-14.

{¶11} A review of the above quoted excerpt reveals that the trial court, without discounting or disputing McShane's claim that he stopped at the stop sign, ruled that he should also have stopped at the intersection. However, Cleveland Codified Ordinances 431.19 requires the driver of the vehicle to stop at a clearly marked stop line, if there is a stop line. In the instant case, it is undisputed that there was a clearly marked stop sign, albeit posted on a telephone pole, and no painted stop lines or crosswalk, as McShane approached the intersection. McShane's logical option was to stop at the posted stop sign. In fact, the average motorist approaching an intersection with a posted stop sign, but no painted stop lines or crosswalk, would have instinctively stopped at the stop sign. Therefore, under this specific situation, a violation of Cleveland Codified Ordinances 431.19 would occur only if McShane failed to stop at the stop sign.

**{¶12}** Although Officer Tomaro testified that he observed McShane come to a rolling stop at the intersection before making the right turn, he offered no testimony to refute McShane's claim that he stopped at the posted stop sign, which as the record reveals was attached to a telephone pole that was significantly set back from the intersection. On the other hand, if there was no stop sign, then McShane would have been required to stop at the point nearest the intersecting roadway as the trial court suggests in the above quoted excerpt. Thus, according to the ordinance, McShane was only required to stop once. *State v. Abele*, 4th Dist. No. 04CA7, 2005-Ohio-2378.

**{¶13}** We are cognizant of the safety issues that concerned the trial court as evidenced by the above excerpt. However, the prosecution failed to establish that there was a safety issue involved. To the contrary, the record indicates that this was a four-way intersection and the evidence presented established McShane's was the only vehicle present at the intersection. McShane stated at trial and during oral argument that before he entered the intersection he checked for traffic. Having stopped at the posted stop sign, McShane was legally correct when he proceeded to make the right-hand turn.

**{¶14}** After viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. Accordingly, we sustain the sole assigned error.

**{¶15}** Judgment reversed, conviction vacated.

It is, therefore, considered that appellant recover of appellee his costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

FRANK D. CELEBREEZE, JR., J., and
KENNETH A. ROCCO, J., CONCUR