[Cite as *State v. Hessler*, 2020-Ohio-2859.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                              Court of Appeals No. S-19-029

      Appellee                                       Trial Court Nos.  19TRD69A
                                                                19TRD69B

v.

 Martha W. Hessler                                      **DECISION AND JUDGMENT**

      Appellant                                      Decided:  May 8, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney,
for appellee.

Angela M. Lavin and Aaron A. Hessler, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Martha W. Hessler, appeals the July 24, 2019 judgment of the Sandusky County Court which, following a bench trial finding her guilty of failing to yield at a stop sign and distracted driving, ordered her to pay fines totaling $300.  For the reasons that follow, we affirm the convictions but modify the fine.

{¶ 2} On January 7, 2019, in Washington Township, Sandusky County, Ohio, appellant was issued a traffic citation for failing to stop/yield at a stop sign and for the secondary offense of distracted driving. Appellant contested the charges and the matter was set for trial.

{¶ 3} The matter proceeded to a bench trial on May 8, 2019. The state presented the testimony of Ohio State Highway Patrol Trooper, Donte Hanns. Trooper Hanns stated that on January 7, 2019, under light rain conditions, he was stopped in his patrol vehicle in the median or "suicide lane" on U.S. 20 near the intersection of S.R. 600 and was monitoring eastbound traffic. Trooper Hanns' dashboard camera recorded the incident; Hanns narrated the viewing of the video during his testimony. Trooper Hanns stated that he observed multiple vehicles on S.R. 600 at the stop sign at the intersection. The first two vehicles stopped and then proceeded through crossing U.S. 20. After stopping, a pickup truck turned left onto U.S. 20. Trooper Hanns stated that appellant then "piggybacked" off of the pickup truck also turning left onto U.S. 20. Hanns explained that appellant failed to make a complete stop before turning. He stated that from where appellant last stopped she could not have seen oncoming, eastbound traffic on U.S. 20 due to a house near the corner.

{¶ 4} Trooper Hanns testified that he then followed and stopped appellant. When asked, appellant stated that she was distracted by the GPS on her cell phone. Appellant did not admit to failing to stop; she indicated that she believed that she did stop. Trooper

2.

Hanns testified that he had no doubt that appellant failed to yield at the stop sign and that he issued a citation for the infraction as well as for distracted driving.

{¶ 5} During cross-examination, Trooper Hanns testified that at the intersection there is a white stop line as well as a stop sign. Hanns admitted that he did not know where the pickup truck stopped in relation to the white line or where appellant's vehicle was positioned in relation to the white line. He also admitted that he could not see the stop sign from his position.

{¶ 6} Defense counsel then introduced a photograph of the intersection in question. It depicted the location of the white line which was even with a telephone pole. Comparing the photograph to the video, Trooper Hanns stated that appellant's only stop near the intersection was behind the pickup truck and that the truck's front tires were positioned in line with the telephone pole. Hanns agreed that this placed appellant's vehicle at least one full car length behind the white line. This was the last point she was stopped before her entry into the intersection.

{¶ 7} The court then determined that based on its review of the statute, the video, and the photograph it was clear that appellant failed to stop at the stop sign before turning onto U.S. 20. The court noted that common sense applied in that based on the dangerous nature of the intersection (which the judge stated she was very familiar with), many people stop and pull up and stop again prior to proceeding. The court further found that appellant admitted to being distracted while driving. The court then ordered appellant to

3.

pay $150 fine plus court costs as to each violation. This appeal followed with appellant raising three assignments of error for our review:

First Assignment of Error: The trial court erred in convicting appellant, Martha W. Hessler, of violating R.C. 4511.43(A) when the manifest weight of the evidence shows that appellant did stop at the stop sign and that state failed to introduce the evidence necessary to convict appellant of violating R.C. 4511.43(A).

Second Assignment of Error: The trial court erred in convicting appellant, Martha W. Hessler of violating R.C. 4511.43(A) when the trial judge relied on her personal knowledge of the facts that were in dispute in the trial.

Third Assignment of Error: The trial court erred in sentencing appellant, Martha W. Hessler to a $150 fine for violating R.C. 4511.991 when the maximum fine permitted under the statute is $100.

{¶ 8} Appellant's first assignment of error is that appellant's conviction for failing to yield at a stop sign was against the manifest weight of the evidence. When considering whether a judgment is against the manifest weight of the evidence in a bench trial, an appellate court will not reverse a conviction where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. *State v. Eskridge*, 38 Ohio St.3d 56, 59, 526 N.E.2d 304 (1988). The court reviews the entire record, weighs the evidence and all reasonable inferences,

4.

considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the court "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. *Id.*

{¶ 9} The statute in dispute, R.C. 4511.43(A), provides:

Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways.

{¶ 10} Appellant contends that this court should hold that a motorist has not violated R.C. 4511.43(A) where the motorist stops behind a vehicle stopped beyond the white line and then proceeds through the intersection without stopping a second time.

5.

Supporting this argument, appellant relies on a case finding in favor of the motorist where the state failed to present any evidence as to where the appellant stopped in relation to the stop sign. *State v. Abele*, 4th Dist. Jackson No. 04CA7, 2005-Ohio-2378. In *Abele*, the citing officer admitted that appellant came to a stop behind another vehicle that was stopped beyond the stop line. *Id.* at ¶ 11. The court concluded that the admission that appellant came to a complete stop combined with the failure to show where appellant stopped in relation to the white line was insufficient to prove a violation of R.C. 4511.43. *Id.*

{¶ 11} In the present case, unlike *Abele*, testimony and evidence was presented to show that the pickup truck directly in front of appellant stopped at the white line and that appellant's last stop was, at minimum, a pickup truck's length back from that line. *See State v. Hudson*, 4th Dist. Gallia App. No. 17CA19, 2018-Ohio-2717, ¶ 25, distinguishing *Abele*. Accordingly, we find that the court did not lose its way or create a manifest injustice by finding that appellant violated R.C. 4511.43(A).[1] Appellant's first assignment of error is not well-taken.

---

[1] Although not raised as an assignment of error, we reject appellant's assertion that the use of her GPS could not form the basis of a distracted driving charge because it is excluded under R.C. 4511.991(1)(a)(iii). The subsection provides an exception to distracted driving for use of "[a] 'voice-operated or hands-free' device that allows the person to use the electronic wireless communications device without the use of either hand except to activate, deactivate, or initiate a feature or function[.]" First, at trial there was no evidence presented as to how appellant's cell phone, mounted to her steering column, was being used. Regardless, R.C. 4511.991(1)(b) also defines distracted driving as "[e]ngaging in any activity that is not necessary to the operation of a vehicle and impairs, or reasonably would be expected to impair, the ability of the operator to drive

6.

{¶ 12} In her second assignment of error, appellant argues that the trial judge erred by relying on her "personal knowledge" of the facts that were in dispute. Appellant also contends that the court offered "opinion testimony" in contravention of Evid.R. 605. We disagree.

{¶ 13} First, the court did not offer testimony as asserted by appellant; the comments regarding the intersection were made while the court was rendering its verdict. Further, the comments made were not as to any facts that were in dispute. Whether the intersection was historically "dangerous" was not an issue for trial nor was the question of whether appellant stopped a second time before turning onto U.S. 20. Reviewing the trial transcript, it is clear that the court based its decision on the evidence properly before it. The court specifically concluded that comparing the video and photograph it was clear that appellant did not stop at the white line and proceeded almost "simultaneously" behind the pickup truck into the intersection. Finally, it is not surprising that the court had knowledge of a busy intersection in its jurisdiction. Appellant's second assignment of error is not well-taken.

{¶ 14} In appellant's third and final assignment of error she argues that the trial court erred by imposing a $150 fine for the distracted driving violation where the

---

the vehicle safely." Appellant's admission to being distracted by her GPS combined with the officer's observation of the stop sign violation was sufficient to support the charge.

7.

maximum fine is $100.  *See* R.C. 4511.991(B).  The state concedes the error.

Accordingly, appellant's third assignment of error is well-taken.

{¶ 15} On consideration whereof, we find that the Sandusky County Court's

judgment convicting appellant of failure to stop/yield at a stop sign and distracted driving

is affirmed.  Pursuant to App.R. 12(1)(a), we modify appellant's sentence to reduce the

$150 distracted driving fine to $100.  Pursuant to App.R. 24, the parties are ordered to

equally share the costs of this appeal.

Judgment affirmed
and modified.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

8.