[Cite as *State v. Wilson*, 2024-Ohio-4983.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230653 |
| | | TRIAL NOS. C-22TRC-14018A |
| Plaintiff-Appellee, | : | C-22TRC-14018B |
| | | C-22TRC-14018C |
| vs. | : | C-22TRC-14018D |
| | | C-22TRC-14018E |
| GINA WILSON, | | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From:   Hamilton County Municipal Court

Judgments Appealed From Are:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal: October 16, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1}   Defendant-appellant Gina Wilson appeals the judgments of the Hamilton County Municipal Court denying her motion to dismiss criminal charges against her on the grounds of double jeopardy.  Because Wilson acquiesced in the trial court's decision to end her first jury trial in a mistrial, we affirm the judgments of the trial court and remand the cause for further proceedings.

### *Factual and Procedural Background*

{¶2}   On June 17, 2022, Wilson was cited for operating a motor vehicle while under the influence of drugs or alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; refusing to submit to a chemical test in violation of R.C. 4511.19(A)(2), a misdemeanor of the first degree; improper passing in violation of R.C. 4511.27, a minor misdemeanor; a red-light violation in violation of R.C. 4511.12(A), a minor misdemeanor; and a marked-lanes violation in violation of R.C. 4511.33, a minor misdemeanor.

{¶3}   On August 16, 2023, the matter proceeded to trial, and a jury was empaneled.  The State called as its first witness Officer Tia Bomske, a police officer for the City of Norwood.  Bomske testified that on the day of the incident, she came into contact with Wilson after observing a Toyota Camry driving at a high rate of speed.  Bomske observed the vehicle cross the double yellow lines and pass three vehicles.  After witnessing the vehicle pass the other cars, Bomske made a U-turn and initiated a traffic stop.  Bomske testified that as soon as she began speaking with Wilson, she smelled an odor of alcohol.

{¶4}   During Bomske's testimony, the State inquired about the footage from the body-worn camera ("BWC") that Bomske wore during her encounter with Wilson.

The State began to play the BWC video for the jury, at which time defense counsel objected.

{¶5} Following defense counsel's objection, the trial court conducted a discussion with counsel in chambers outside the presence of the jury. Wilson's attorney then explained the basis for the objection: contained on the BWC video the State played for the jury was a computer screen in Bomske's cruiser that displayed Wilson's full criminal record. Defense counsel argued that information should have been redacted from the video. In response, the State contended that it only redacted BWC video to protect potential victims, a situation that was not present with respect to Wilson's criminal history. Defense counsel countered that redaction should be used to protect all personal information. In an attempt to resolve the dispute, the trial court inquired whether the State was in possession of a redacted version of the BWC video, but the prosecutor was unsure. The trial court granted a recess for the State to retrieve a redacted version of the BWC video.

{¶6} Following the recess, the State explained that there was not a redacted version of the BWC video. The trial court then sua sponte declared a mistrial.

{¶7} On October 10, 2023, Wilson filed a motion to dismiss the pending charges. The motion argued that double jeopardy prohibited Wilson from being retried since a jury had been impaneled and sworn before the trial court granted a mistrial.

{¶8} The trial court denied the motion to dismiss. In doing so, it highlighted that defense counsel had failed to file a pretrial motion to redact the BWC video despite receiving a copy in advance of trial. The trial court further concluded that the State

had not committed prosecutorial misconduct because there were no established parameters requiring redaction of BWC video.

{¶9}   Wilson timely appealed.

### *Double Jeopardy*

{¶10}   In her sole assignment of error, Wilson argues that the trial court erred in overruling her motion to dismiss her charges on double jeopardy grounds.  Wilson divides her argument into five different subarguments.  First, Wilson argues, as a question of fact, that her criminal history was clearly visible on the BWC video. Second, she argues that she preserved a prosecutorial-misconduct argument before the trial court premised on the improper display of her personal information to the jury.  Third, she argues that because the trial court granted the mistrial sua sponte, the trial court properly analyzed the double jeopardy question through the lens of prosecutorial misconduct.  Fourth, she argues that the record supports a finding of prosecutorial misconduct.  Lastly, she argues that the trial court improperly placed the burden on her to marshal the State's evidence by requiring her to file a motion in limine to redact the BWC video.

{¶11}   For its part, the State contends that Wilson can be retried without violating the principles of double jeopardy because Wilson consented to the mistrial granted by the trial court.

{¶12}   "Appellate courts review de novo the denial of a motion to dismiss an indictment on the grounds of double jeopardy.  In so doing, we examine the record of the initial trial." (Citations omitted.) *State v. Hare*, 2022-Ohio-1931 (1st Dist.).

{¶13}   The double jeopardy principle does not bar retrial after a properly-granted mistrial.  *State v. Anderson*, 2016-Ohio-5791, ¶ 46.  A mistrial can be properly

granted, for example, where a jury fails to reach a verdict, *see State v. Lovejoy*, 79 Ohio St.3d 440, 445-446 (1997), or where there is a "manifest necessity" or "high degree" of necessity for ordering a mistrial, *See State v. Widner*, 68 Ohio St.2d 188, 189 (1981).

**{¶14}** A defendant's consent to a mistrial also obviates any double jeopardy concern. *State v. Bogan*, 2018-Ohio-4221, ¶ 22 (8th Dist.). "If the mistrial was declared with defendant's consent, he is deemed to have waived any double jeopardy claim he might otherwise have." *State v. Mengistu*, 2003-Ohio-1452, ¶ 26 (10th Dist.). The only exception to the rule that a defendant's consent to a mistrial waives a double jeopardy claim is where the prosecutor or judge intentionally provokes the defendant into requesting a mistrial. *Id.*

**{¶15}** A defendant's consent to a mistrial need not be expressly stated. *Bogan*, at ¶ 29. Rather, courts consider the totality of the circumstances in determining whether consent to the mistrial was implied. *Id.*; *State v. Ashford*, 2023-Ohio-3139, ¶ 39. Applying this totality-of-the-circumstances inquiry, some courts have held that the failure to object to the declaration of a mistrial after being given the opportunity to do so is enough to waive the right to double jeopardy protection. *See, e.g., Mengistu* at ¶ 27 (holding that double jeopardy did not bar retrial because defendant acquiesced in mistrial). But others require a more "positive indication" of a defendant's consent. *See, e.g., United States v. Osaghae*, 20 Fed.Appx. 369, 371 (6th Cir. 2001) (finding failure to object combined with defense counsel's request to withdraw and discussion about mistrial alternatives to constitute implied consent to mistrial).

**{¶16}** We need not resolve this tension in the case law, because, considering the totality of the circumstances, Wilson consented to the trial court's declaration of a mistrial.

**{¶17}** The trial court first suggested a mistrial when the attorneys initially discussed the fact that Wilson's criminal history was displayed on the BWC video. At that time, the following exchange occurred in chambers:

**Court:** So maybe there's no redacted copy?

**Defense:** That's my concern.

**Court:** Mistrial.

**Defense:** Like, because yeah, in this case especially. . . .

**{¶18}** Defense counsel then continued to explain why Wilson was prejudiced by the jury's exposure to her criminal record appearing on the BWC video. These statements constituted an endorsement of the proposed mistrial.

**{¶19}** Defense counsel again suggested approval of the mistrial after the State was unable to locate redacted BWC footage. To that end, the following conversation took place in the judge's chambers after the parties reconvened after the recess:

**Court:** All right. State has no unredacted version of this video evidence?

**State:** That's correct, Your Honor.

**Court:** All right. So the Court declares a mistrial. RAC jury trial.

**Defense:** Thank you.

**{¶20}** As such, rather than oppose the mistrial, Wilson's counsel expressed appreciation for the trial court's decision. While simply saying "thank you" might otherwise be deemed as a common courtesy, defense counsel's previous argument that a mistrial was appropriate "in this case especially" gives context to the expression of gratitude to the trial court. Under the totality of the circumstances, we treat these actions, absent any other indication that Wilson opposed a mistrial, as implied consent to the trial court's declaration. *See Ashford*, 2023-Ohio-3139, at ¶ 39.

### *Conclusion*

**{¶21}** Wilson therefore waived any argument she may claim under double jeopardy with respect to being retried following the mistrial declared in her first jury trial. We accordingly overrule her assignment of error, affirm the judgments of the trial court, and remand the cause for further proceedings consistent with our opinion.

Judgments affirmed and cause remanded.

**CROUSE, P.J.**, and **WINKLER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.