# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240664 |
| | | TRIAL NOS. C/24/CRB/9444/A |
| Plaintiff-Appellee, | : | C/24/CRB/9444/B |
| vs. | : | |
| LIBYA SAUNDERS, | : | |
| | | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are reversed and the appellant discharged.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 10/15/2025 per order of the court.**

**By:**_____
          **Administrative Judge**

[Cite as *State v. Saunders*, 2025-Ohio-4741.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                      :        APPEAL NO.   C-240664
                                             TRIAL NOS.   C/24/CRB/9444/A
    Plaintiff-Appellee,      :                     C/24/CRB/9444/B

  vs.                            :

LIBYA SAUNDERS,                     :           *O P I N I O N*

    Defendant-Appellant.     :


Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: October 15, 2025


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**NESTOR, Judge.**

{¶1}    During defendant-appellant Libya Saunders's initial bench trial, the trial judge affirmed the State's account of a discovery dispute that occurred off the record.  The judge incorrectly believed that by affirming the State's statements, she had become a witness to the trial.  She sua sponte declared a mistrial and recused herself.  In front of a new judge on retrial, Saunders argued her rights against double jeopardy had been violated and moved to dismiss the charges.  The second judge denied her motion.  Saunders now appeals, asserting one assignment of error.

{¶2}    We hold that Saunders's rights against double jeopardy were violated, and the trial court erred when it denied her motion to dismiss.  We therefore sustain her sole assignment of error, reverse the trial court's judgments, and discharge Saunders from further prosecution.

## I.  Factual and Procedural History

{¶3}    On June 5, 2024, Saunders was arrested and charged with criminal trespassing under R.C. 2911.21(A)(1) and resisting arrest under R.C. 2921.33(A).  These charges arose from her alleged failure to vacate her old apartment.  On the day of trial, the State received Saunders's lease agreement from the apartment manager.  Before trial, in chambers and off the record, the State disclosed the document to defense counsel.  Defense counsel refused to accept the document and refused a continuance when offered by the court.

{¶4}    During trial, the State sought to enter the lease agreement into evidence. Defense counsel objected.  The State responded to the objection by saying,

> in pretrial setting, I relayed to you the discovery of the lease.  I was not
> provided it either, so I got it at a late date, as well.  And I offered a copy
> to the defense.   They said they did not want one.   You offered a

3

continuance to [the] defense. They also said they did not want one.

The first judge responded, "[a]nd that is the record as I recall it." The first judge offered defense counsel a continuance in progress to review the lease. However, defense counsel declined the continuance, and the trial continued.

{¶5} Before the State could ask the apartment manager another question, the first judge said, "[y]ou know what, I don't feel comfortable now, because now I've inserted myself as a witness. I'm recusing in the middle of the case based on your objection, because I feel like I've made myself a witness to the record, confirming what the prosecutor said." Based on this belief, the first judge declared "a mistrial because [the] Court became a witness to a discovery matter."

{¶6} The first judge, worried about the implications of her sua sponte mistrial, said, "I don't think it's double jeopardy because, in my mind, the defense caused the mistrial, objecting to something when they were clearly offered the opportunity to review it, and offered an opportunity for a continuance." Defense counsel immediately responded,

> I do understand the Court's position, and I am okay – well, I understand
> the mistrial, just in terms of it being defense causing it. I was not the
> one who brought up discovery of that in chambers or called a chambers
> meeting. I just want that for the record.

The first judge continued by agreeing "[i]t's nobody's fault. A lot of this is nobody's fault." The first judge then said, "I'm recusing. It is a mistrial and I'm recusing . . . And I'll recuse on the [other charge] as well. Thank you." Defense counsel responded with, "[t]hank you."

{¶7} The State asked if the mistrial was with prejudice. The first judge responded that she was trying to make the record "very clear" it was not. The first

judge then said, "I'm doing my best to make a record that it is not double jeopardy, that the mistrial was at the defendant's trying to have it both ways." The first judge finished by saying, "they'll make their argument for double jeopardy. And whether another judge —No, it's not dismissed. It's a mistrial. It's a mistrial."

**{¶8}** In front of the second judge on retrial, Saunders moved to dismiss, claiming the first judge should not have declared a mistrial. She argued that because the State was pursuing a second trial, her rights against double jeopardy were violated. The second judge denied the motion because "[the first judge] perceived to make herself a witness to during an in-chambers conversation." Saunders now appeals, asserting one assignment of error.

## II. Analysis

**{¶9}** In her sole assignment of error, Saunders argues that her rights against double jeopardy were violated. It is undisputed that jeopardy attached in these cases prior to the declaration of a mistrial because both parties had made their opening arguments and the first witness had begun to testify. *See State v. Meade*, 80 Ohio St.3d 419, 424 (1997) ("Jeopardy attaches when the jury is impaneled and sworn, or, in a bench trial when the judge begins to receive evidence.").

**{¶10}** "The Double Jeopardy Clause of the United States Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Brown*, 2008-Ohio-4569, ¶ 10. Additionally, Section 10, Article I of the Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense." *Brown* at ¶ 10.

**{¶11}** An appellate court reviews "de novo a trial court's denial of a motion to dismiss based on double jeopardy, but reviews the trial court's underlying decision to

grant a mistrial for abuse of discretion." *State v. Bogan*, 2018-Ohio-4211, ¶ 20 (8th Dist.). In so doing, we examine the record of the initial trial. *In re Ford*, 987 F.2d 334, 339 (6th Cir. 1992).

**{¶12}** When "evaluating whether the declaration of a mistrial was proper in a particular case, [the Ohio Supreme Court] has declined to apply inflexible standards, due to the infinite variety of circumstances in which a mistrial may arise." *State v. Glover*, 35 Ohio St.3d 18, 19 (1988). Instead, a reviewing court should give "great deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial." *Id.* When "examining the trial judge's exercise of discretion in declaring a mistrial, a balancing test is utilized, in which the defendant's right to have the charges decided by a particular tribunal is weighed against society's interest in the efficient dispatch of justice." *Id.* If "the facts of the case do not reflect unfairness to the accused, the public interest in insuring that justice is served may take precedence." *Id.*

**{¶13}** If "under the double jeopardy clause, there can be a second trial, after a mistrial has been declared, *sua sponte,* depends on whether (1) there is a 'manifest necessity' or a 'high degree' of necessity for ordering a mistrial, or (2) 'the ends of public justice would otherwise be defeated.'" (Emphasis in original.) *State v. Widner*, 68 Ohio St.2d 188, 189 (1981); *see Arizona v. Washington*, 434 U.S. 497, 506 (1978).

**{¶14}** A defendant's consent to a mistrial also obviates any double jeopardy concern. *Bogan*, 2018-Ohio-4211, at ¶ 22 (8th Dist.). When a "mistrial was declared with defendant's consent, he is deemed to have waived any double jeopardy claim he might otherwise have." *State v. Mengistu*, 2003-Ohio-1452, ¶ 26 (10th Dist.). The only exception to the rule that a defendant's consent to a mistrial waives a double

jeopardy claim is where the prosecutor or judge intentionally provokes the defendant into requesting a mistrial. *Id.*

**{¶15}** A defendant's consent to a mistrial need not be expressly stated. *Bogan* at ¶ 29. Rather, courts consider the totality of the circumstances in determining whether consent to the mistrial was implied. *Id.*

A.

**{¶16}** While a defendant's consent to the mistrial does not need to be stated expressly, there must at least be an unambiguous showing that consent is given. Here, under the totality of the circumstances, we conclude that Saunders did not consent to the mistrial.

**{¶17}** In its briefing, the State argued that *State v. Wilson*, 2024-Ohio-4983 (1st Dist.), governs the issue of consent. In *Wilson*, this court held there was "implied consent to the trial court's declaration." *Id.* at ¶ 20. In *Wilson*, defense counsel objected when body-worn camera (BWC) footage was shown to the jury because "contained on the BWC video the State played for the jury was a computer screen in [the police officer's] cruiser that displayed Wilson's full criminal record." *Id.* at ¶ 5. In chambers, the judge and the attorneys discussed the best way to proceed. *Id.* at ¶ 17. The judge suggested a mistrial and defense counsel responded, "[l]ike, because yeah, in this case especially. . ." *Id.* Defense counsel participated in the conversation with the judge and the State about why a mistrial was necessary and how this prior mistake had prejudiced the defendant. *Id.* at ¶ 18. When the court announced there would be a mistrial, defense counsel responded with, "[t]hank you." *Id.* at ¶ 19. This court explained that, "[w]hile simply saying 'thank you' might otherwise be deemed as a common courtesy, defense counsel's previous argument that a mistrial was appropriate 'in this case especially' gives context to the expression of gratitude to the

7

trial court." *Id*. at ¶ 20.

**{¶18}**  Here, however, Saunders's defense counsel only spoke twice after the first judge declared a mistrial.  Defense counsel said,

> I do understand the Court's position, and I am okay – well, I understand the mistrial, just in terms of it being defense causing it.  I was not the one who brought up discovery of that in chambers or called a chambers meeting.  I just want that for the record.

Then, defense counsel said, "[t]hank you," in response to the first judge saying, "I'm recusing.  It is a mistrial and I'm recusing . . . And I'll recuse on the [other charge] as well.  Thank you."

**{¶19}**  Saunders's case differs from *Wilson*.  There was no conversation between the court and the parties as to whether a mistrial was necessary, there was no error that prejudiced Saunders, and there was no clear sign of approval from the defense.  When defense counsel spoke, she put on the record that the defense was not at fault.  Though Saunders's defense counsel said "thank you," the context shows it was meant as a common courtesy and not agreement with the trial court.  During oral argument, the State conceded that it was ambiguous whether Saunders's defense counsel consented or not.  If what was said is ambiguous, we cannot find that there was consent.

**{¶20}**  The totality of the circumstances does not show consent to the mistrial.  Though consent need not be expressly given, there must be something more than ambiguous compliance when waiving a constitutional right.

B.

**{¶21}**  When a judge sua sponte declares a mistrial, a second trial can be had without violating a defendant's double jeopardy rights if "(1) there is a 'manifest

8

necessity' or a 'high degree' of necessity for ordering a mistrial, or (2) 'the ends of public justice would otherwise be defeated.'" *Widner*, 68 Ohio St.2d at 189; *see Washington*, 434 U.S. at 506.

**{¶22}** While we review the second judge's denial of the motion to dismiss de novo, we review the decision to declare a mistrial for an abuse of discretion. *Bogan*, 2018-Ohio-4211, at ¶ 20 (8th Dist.). Abuse of discretion occurs when the trial court "makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 2013-Ohio-966, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). On review, "[a]buse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *Id.*, citing *State v. Morris,* 2012-Ohio-2407, ¶ 14.

**{¶23}** A "manifest necessity" or "high degree" of necessity does not require an explicit finding, but there should be "sufficient justification." *State v. Hare*, 2022 Ohio App. LEXIS 1797, *11 (1st Dist. June 8, 2022). In *Hare*, the trial judge justified declaring a mistrial because she "felt disrespected and was so offended" by defense counsel that "she could not fairly and impartially continue as the trier of the facts in the case." *Id.* at *12. The judge's reasoning was present in the record and declaring a mistrial was a necessity. *Id.*

**{¶24}** Here, during the trial, the court made clear its reasoning for declaring a mistrial, but it was not a necessity. The first judge declared a mistrial based on an incorrect legal conclusion. She believed she had been made a witness to the trial, but a court does not assert testimony when the comments made by the court do not concern "any facts that were in dispute." *State v. Hessler*, 2020-Ohio-2859, ¶ 13 (6th Dist.). During the trial, she had simply put in the record an off-the-record discovery matter where all parties agreed on what had occurred. Unlike in *Hare* where the judge

justifiably felt she would be biased, here it is clear that the court's only reason for declaring a mistrial was her mistaken belief that she must recuse because she was a witness. *Hare* at *12. The decision to declare a mistrial was based on a legal error. That error was "unreasonable" and an abuse of discretion. *Darmond* at ¶ 34.

{¶25} Alternatively, a mistrial can be appropriate if "'the ends of public justice would otherwise be defeated.'" *Widner*, 68 Ohio St.2d at 189. This is not an instance where declaring a mistrial served the public's "interest in fair trials designed to end in just judgment." *Id.* at 190. The legal error that the mistrial rests on did not guarantee Saunders a fair trial and it was not required for the sake of justice.

{¶26} Though the trial court has discretion to decide when to sua sponte declare a mistrial, "the power to declare a mistrial and subject the defendant to retrial ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *Hare*, 2022 Ohio App. LEXIS 1797, at *10 (1st Dist.), quoting *United States v. Wilson,* 420 U.S. 332, 357, fn. 12 (1975). There is no plain and obvious reason in this case. The extraordinary remedy of a mistrial should be reserved for cases of manifest necessity. Accordingly, we hold that no manifest necessity existed for the declaration of a mistrial. Therefore, retrial of Saunders was barred by double jeopardy. The trial court erred in overruling Sauders's motion to dismiss her charges on double-jeopardy grounds. We sustain appellant's single assignment of error.

### III. Conclusion

{¶27} Having sustained Saunders's assignment of error, we reverse the trial court's judgments and discharge Saunders from further prosecution on these charges.

Judgments reversed and appellant discharged.

KINSLEY, P.J., and CROUSE, J., concur.